PETTINGILL *v.* TOWN OF OLEAN.

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

1. HIGHWAYS—DEFECTS—NEGLIGENCE OF ROAD OFFICERS.
   In an action against a town for injuries caused by a defect in a highway, which defect existed for nearly a month before plaintiff's injury, and which the commissioners of highways failed to discover on several trips of inspection over the road during that period, a finding that such defect was due to the commissioners' omission is warranted.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   Where it appears that plaintiff was riding with another, at the latter's request, and riding in the usual way of an invited guest, and was in no way negligent, there is no error in refusing to charge "that, if any want of care or neglect on the part of plaintiff appeared, he cannot recover."

Appeal from circuit court, Cattaraugus county.

Action by Edward Pettingill against the town of Olean for personal injuries. From a judgment for plaintiff, and from an order denying its motion for a new trial, defendant appeals. Affirmed.

For decision on appeal from an order granting a new trial, see 17 N. Y. Supp. 433.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Frederick W. Kruse,* for appellant. *Alfred & G. E. Spring,* for respondent.

MACOMBER, J. On January 4, 1889, the plaintiff, while riding with one Wellington Nottingham along a public highway in the town of Olean, was suddenly thrown from the wagon to the ground, and was quite seriously injured. He was a neighbor of Mr. Nottingham, and was a gratuitous passenger, riding at the invitation of Nottingham. While passing along the beaten carriage track, the right forward wheel suddenly dropped into a deep hole, quite to the hub, precipitating the plaintiff to the ground. The depth of the hole is shown to be 20 inches. This highway was one of the principal thoroughfares leading into the village of Olean, and was traversed constantly by teams. Many persons had inadvertently driven into this hole prior to the accident to the plaintiff. By reason of water settling into the rut, its dangerous character was not readily observable to the passer-by. This defect was shown by credible witnesses to have existed for nearly a month next preceding this occurrence, and that upon several days during that time the commissioner of highways had passed over the road on an official tour of inspection, and had failed to discover it. The long-continued existence of the defect, and the omission of the commissioner to discover the same, were facts sufficient, in our judgment, to warrant the jury in coming to the conclusion that its existence at the time of the injury to the plaintiff was through the omission of duty which the commissioner of highways owed to the traveling public; and consequently, so far as that branch of the case is involved in

this appeal, the exceptions to the refusal of the court to nonsuit upon this ground were not well taken.

The point, however, was made by the learned counsel for the appellant that it was error for the trial court to refuse to submit to the jury the question of the plaintiff's contributory negligence. This point, also, does not seem to us to be tenable, for the reason that, on an inspection of the charge in chief, it is found that the court explicitly instructed the jury that it was obligatory upon the plaintiff, not only to satisfy them that the injuries were received solely through the negligent act of the commissioner of highways, but also that no negligence on his part contributed to produce the injury. The court then proceeded to point out to the jury that it probably would be unnecessary for them to enter into an examination of the question whether or not any negligence on the part of the plaintiff contributed to the injury. The evidence was undisputed, as the court correctly informed the jury, that the plaintiff was riding with Mr. Nottingham through the latter's invitation, or had sought the privilege of riding with him, and that he was a gratuitous passenger, paying nothing for the ride. Nottingham had absolute control over his team and vehicle. The court then proceeded to instruct the jury that, even if Nottingham was guilty of negligence, such negligence was not imputable to the plaintiff. Thereupon the court said to the jury that it did not recall any evidence in the case from which the jury would be authorized to inquire or to find as a fact that the plaintiff was guilty of any negligence while upon this journey between his home and Olean. Upon inspection of the record, this assertion made by the learned judge appears to have been an entirely correct statement of the evidence. No circumstance is shown from which it could be intelligently argued to the jury that the plaintiff, being a gratuitous passenger, failed to do anything for his own safety at the time mentioned which a reasonably prudent man, under like circumstances, would have done. After the charge had been delivered, the defendant's counsel asked the court to charge "that, if any want of care or neglect on the part of the plaintiff appeared, he cannot recover." The court responded that such was a correct proposition of law, and again expressed himself to the effect that he did not recollect any testimony in the case which would authorize the jury to find that the plaintiff was guilty of any contributory negligence, and invited the counsel for the defendant, if the court were in error in that regard, to point out any evidence which would indicate any act showing such negligence. The counsel failed to refer to any such testimony, for the obvious reason above mentioned, but he did respond to the inquiry of the court by saying that he thought it was for the jury to determine that question from the way the plaintiff rode along there, and from the way the injury occurred. Again reverting to the testimony, it is found that there were no facts or circumstances which would justify the jury in saying that the plaintiff was not riding in the usual, ordinary way of an invited guest. We see no error in the ruling upon this request, and, as this is the only exception in the case of any moment, our conclusion upon it is decisive of this appeal.

The judgment and order appealed from should be affirmed. All concur.